UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

-------------------------------------------------------------x

TIFFANY DAVIDSON,

                    Plaintiff,

          -v-                                  Civil Case No. 1:07-cv-01387-RJL

CAPITAL EAGLE, INC.,                Judge Richard J. Leon

                    Defendant.

-------------------------------------------------------------x

## DEFENDANT CAPITAL EAGLE, INC.'S
## ANSWER TO COMPLAINT

Defendant Capital Eagle, Inc. ("Capital Eagle") answer Plaintiff Tiffany Davidson's Complaint as follows.

### JURISDICTION

1.    Jurisdiction is based on 42 U.S.C. §1981 and 28 U.S.C. § 1331.

**ANSWER TO PARAGRAPH 1:** Defendant admits the allegations in Paragraph 1.

2.    Venue is proper in the District of Columbia as the Defendant conducts business within the District of Columbia, and the acts complained of occurred within the said jurisdiction.

**ANSWER TO PARAGRAPH 2:** Defendant admits that venue is proper and Defendant conducts business within the District of Columbia. Defendant denies the remaining allegations.

3.    During all times mentioned in this complaint, Plaintiff Tiffany Davidson was, and still is, a citizen of the United States and still resides, in the sate [sic] of Maryland.

**ANSWER TO PARAGRAPH 3:** Upon information and belief, Defendant admits that Plaintiff is a citizen of the United States. Defendant does not have sufficient information to admit or deny the remaining allegations in Paragraph 3. To the extent an answer is required, Defendant denies the remaining allegations in Paragraph 3.

4. Plaintiff Tiffany Davidson is a 28 year old African American Woman who holds a Bachelors Degree in Marketing from Bowie State University.

**ANSWER TO PARAGRAPH 4:** Upon information and belief, Defendant admits Tiffany Davidson is a 28 year old African American Woman. Defendant does not have sufficient information to admit or deny the remaining allegations in Paragraph 4. To the extent an answer is required Defendant denies the remaining allegations in Paragraph 4.

5. During all times mentioned in this complaint, Defendant Capital Eagle, Inc. hereafter referred to as "Budweiser" is a Maryland Corporation and conducts business within the District of Columbia from it office located at 2815 V. Street, NE, Washington, DC 20018. Defendant Budweiser is an Anheuser-Busch Wholesaler.

**ANSWER TO PARAGRAPH 5:** Defendant denies that it should be referred to as "Budweiser," but admits the remaining allegations.

6. During all times mentioned in this complaint from June 2004 through January 2007, Plaintiff Tiffany Davidson was an employee of Defendant Budweiser.

**ANSWER TO PARAGRAPH 6:** Defendant admits that Tiffany Davidson was employed by Capital Eagle. Defendant denies the remaining allegations in Paragraph 6.

7. On January 2, 2007, Plaintiff was fired and told it was because it was not working out and Plaintiff was not aggressive. Prior to being fired she was never given a performance evaluation and had never been told that her performance needed

improvement. She had never even been written up for being late to work. She was replaced in a few days by a white male named "Rob" who she had trained.

**ANSWER TO PARAGRAPH 7:** Defendant admits that Capital Eagle terminated Plaintiff on January 2, 2007 and that Defendant did not give Plaintiff a written warning for being late to work but denies the remaining allegations in Paragraph 7.

8. In 2004 Plaintiff was doing promotions for Budweiser and had an account with Johnny K's. Plaintiff informed Steve Efantis that Plaintiff did not feel safe in this area at night doing promotions and Plaintiff did not want to continue to do said promotions.

**ANSWER TO PARAGRAPH 8:** Defendant admits Plaintiff had an account with Johnny K's but denies the allegations in Paragraph 8.

9. Plaintiff also asked if someone accompany Plaintiff on the promotions [sic]. Mr. Efantis told Plaintiff the area was getting better and no further action was taken.

**ANSWER TO PARAGRAPH 9:** Defendant denies the allegations in Paragraph 9.

10. However, when Amber Vick, a Caucasian female, felt she and the sales representative she worked with, who is Hispanic did not get along, Mr. Efantis changed Ms. Vick's whole territory from South East DC to Georgetown.

**ANSWER TO PARAGRAPH 10:** Defendant admits that Amber Vick is a Caucasian female and that Ms. Vick's territory was transferred to Georgetown, but denies the remaining allegations in Paragraph 10.

11. Another sales rep, Heidi, a Caucasian female, did not get along with the manager at the Cleveland Park Pizzeria Uno, her account was given to another sales representative.

3

**ANSWER TO PARAGRAPH 11:** Defendant admits that the Cleveland Park Pizzeria Uno account was transferred from Heidi, a Caucasian female, but denies the remaining allegations in Paragraph 11.

12. In November 2005 there were "three" old beers found in one of Plaintiff's accounts in the District of Columbia and Plaintiff was suspended for three days without pay. Plaintiff was told by Keith Chmiul [sic] that now Defendant was getting serious about old beer.

**ANSWER TO PARAGRAPH 12:** Defendant admits that Plaintiff was suspended without pay because old beer was found in Plaintiff's accounts, but denies the remaining allegations in Paragraph 12.

13. That same day Kentha Stevens, an African-American male Sales Rep, also suspended for three days without pay for 'one' old beer being found in his account.

**ANSWER TO PARAGRAPH 13:** Defendant admits that Kentha Stevens, an African-American male Sales Representative, was suspended without pay due to old beer found in his account, but denies the remaining allegations in Paragraph 13.

14. Scott Clark, a white male Sales Rep, was found with "buckets" of old beer in the account LOVE night club. Walter Van Eyeken (East Coast Regional Director for Anheuser-Busch) was given buckets of old beer at LOVE night club. In fact, Walter Van Eyeken informed Keith Chimiel [sic] and Neal Katacef [sic] by email that he had received buckets of old beer at LOVE night club. Mr. Clark was not suspended.

**ANSWER TO PARAGRAPH 14:** Defendant admits that old beer was found at LOVE night club, and admits that Scott Clark, a white male Sales Rep, was not suspended at that time, but denies the remaining allegations in paragraph 14.

15. A few months after Plaintiff was suspended for "three" old beers in her account and Kentha Stevens was suspended for having "one' [sic] old beer in his account, during a meeting to discuss the new way of doing impact/intervolve, the on premise sales staff was in the small meeting room when Keith Chiemul [sic] said out loud to Dave Duggan, a white male sales Rep., that he had been a "case" old beer found in one of his accounts [sic]. Mr. Duggan was not suspended.

**ANSWER TO PARAGRAPH 15:** Defendant admits that Keith Chmiel stated during a meeting that old beer was found in one of Dave Duggan's accounts, that Dave Duggan is a Caucasian male, that Duggan was a sales representative for Capital Eagle, and that Dave Duggan was not suspended at that time, but denies the remaining allegations in Paragraph 15.

16. Since being fired Plaintiff's hair has begun to fall out and Plaintiff experienced a period of depression, but was unable to seek medical attention because Plaintiff no longer had insurance.

**ANSWER TO PARAGRAPH 16:** Defendant does not have sufficient knowledge to admit or deny the allegations in Paragraph 16. To the extent an answer is required, Defendant denies the allegations in Paragraph 16.

17. Plaintiff is currently juggling three jobs to make up for the one job that Plaintiff lost.

**ANSWER TO PARAGRAPH 17:** Defendant does not have sufficient knowledge to admit or deny the allegations in Paragraph 17. To the extent an answer is required, Defendant denies the allegations in Paragraph 17.

18. Plaintiff was also plagued with insomnia for a month and Plaintiff has just recently begun interacting with friends and family again. As a result of Defendant's actions, Plaintiff has become depressed, angry, and suffered a loss of self-esteem.

**ANSWER TO PARAGRAPH 18:** Defendant does not have sufficient knowledge to admit or deny the allegations in Paragraph 18. To the extent an answer is required, Defendant denies the allegations in Paragraph 18.

19. Plaintiff responded to an employment posting on Monster.com for Red Peg Marketing. The woman Plaintiff spoke with, Shimona Scott told Plaintiff that she liked Plaintiff's resume and wanted to have another phone interview with Plaintiff. When Plaintiff called her back during the week ending on July 27, 2007, Ms. Scott said that when she contacted Budweiser for a reference that they told her that Plaintiff was fired and this led Ms. Scott to believe it was not a good idea to hire Plaintiff.

**ANSWER TO PARAGRAPH 19:** Defendant denies that Shimona Scott told Plaintiff that anyone from Defendant told Ms. Scott anything about Plaintiff or any aspect of her employment with Defendant in response to a reference check. Defendant does not have sufficient information to admit or deny the remaining allegations in Paragraph 19. To the extent an answer is required, Defendant denies the allegations in Paragraph 19.

## COUNT I

## UNLAWFUL DISCRIMINATION IN VIOLATION OF THE DISTRICT OF COLUMBIA HUMAN RIGHTS ACT § 2-1402-11

1. Plaintiff re-pleads and re-alleges, with the same force and effect as if set forth separately and at length herein, paragraphs 1 – 18.

**ANSWER TO PARAGRAPH 1:** Defendant restates its responses for Paragraphs 1-18.

2. Plaintiff is a member of a protected class based on her race (African-American).

**ANSWER TO PARAGRAPH 2:** Defendant admits the allegations in Count I, Paragraph 2.

3. Plaintiff suffered an unlawful, discriminatory, and adverse change in employment with respect to the terms, conditions, or privileges of his employment, when she was fired based on her membership in a protected class, namely her race (African-American).

**ANSWER TO PARAGRAPH 3:** Defendant denies the allegations in Count I, Paragraph 3.

4. Plaintiff was treated differently than persons outside of her protected class, African American, when she was suspended without pay; refused an account transfer; and terminated and replaced by a white male she had trained. Other similarly situated Caucasian employees were not treated this way.

**ANSWER TO PARAGRAPH 4:** Defendant denies the allegations in Count I, Paragraph 4.

5. Defendant intentionally discriminated against Plaintiff Tiffany Davidson in violation of the District of Columbia Human Rights Act § 2-1402.11 on account of her race (African-American).

**ANSWER TO PARAGRAPH 5:** Defendant denies the allegations in Count I, Paragraph 5.

## COUNT II

### UNLAWFUL DISCRIMINATION IN VIOLATION OF THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

23. Plaintiff repleads and realleges paragraphs 1 through 22 with the same force and effect as if set forth separately and at length herein.

**ANSWER TO PARAGRAPH 23:** Defendant restates its responses to Paragraphs 1-18 and Count I, Paragraphs 1-5 above.

24. Defendant, Budweiser, discriminated against Plaintiff, Tiffany Davidson, with respect to the terms, conditions, and privileges of her employment.

**ANSWER TO PARAGRAPH 24:** Defendant denies the allegations in Paragraph 24.

25. The factual circumstances rationally support an inference of unlawful discrimination. Plaintiff, an African-American employee, was terminated and replaced by a white male she had trained. Other similarly situated Caucasian employees were not treated this way.

**ANSWER TO PARAGRAPH 25:** Defendant denies the allegations in Paragraph 25.

26. Defendant intentionally discriminated against Plaintiff Davidson in violation of the Civil Rights Act of 1866, 42. U.S.C. § 1981, on account of her race (African-American).

**ANSWER TO PARAGRAPH 26:** Defendant denies the allegations in Paragraph 26.

## RELIEF SOUGHT

27. Plaintiff re-pleads and re-alleges, with the same force and effect as if set forth separately and at length herein, paragraphs 1 – 26.

**ANSWER TO PARAGRAPH 27:** Defendant restates its responses to Paragraphs 1-18, Count I, Paragraphs1-5 and Paragraphs 23-26.

28. Plaintiff Tiffany Davidson requests the following relief:

**ANSWER TO PARAGRAPH 28:** Defendant denies Plaintiff is entitled to any relief.

29. Compensatory damages in the amount of $1,000,000

**ANSWER TO PARAGRAPH 29:** Defendant denies Plaintiff is entitled to any compensatory damages.

30. Punitive damages in the amount of $1,000,000

**ANSWER TO PARAGRAPH 30:** Defendant denies Plaintiff is entitled to any punitive damages.

31. Pre- and post-judgment interest.

**ANSWER TO PARAGRAPH 31:** Defendant denies Plaintiff is entitled to any pre- or post-judgment interest.

32. The costs of litigation, including reasonable attorney's fees and expert witness fees.

**ANSWER TO PARAGRAPH 32:** Defendant denies Plaintiff is entitled to any reimbursement of litigation costs, attorney's fees or expert witness fees.

33. Back pay and Front pay.

**ANSWER TO PARAGRAPH 33:** Defendant denies Plaintiff is entitled to any back pay or front pay award.

34. Such other relief that may be just.

**ANSWER TO PARAGRAPH 34:** Defendant denies Plaintiff is entitled to any monetary or declaratory relief.

## JURY DEMAND

35. Plaintiff Tiffany Davidson demands a trial by jury.

**ANSWER TO PARAGRAPH 35:** Paragraph 35 does not require a response.

## AFFIRMATIVE DEFENSES

### First Defense

The complaint fails to state a claim upon which relief can be granted as a matter of fact and/or law.

### Second Defense

All or a portion of Plaintiff's claims are barred by the applicable statutes of limitation, failure to exhaust remedies, and/or jurisdictional prerequisites to suit.

### Third Defense

At all times relevant hereto, Defendant has acted in good faith and has not violated any rights which may be secured to plaintiff under any federal, state or local law, rule, regulation or guideline.

**Fourth Defense**

All or a portion of Plaintiff's claims for damages are barred or reduced by her mitigation of alleged damages or by her failure to mitigate damages.

**Fifth Defense**

Plaintiff cannot establish a prima facie case of discrimination

**Sixth Defense**

Plaintiff's claims are barred because all actions taken by Defendant were for legitimate, non-discriminatory business reasons.

Respectfully submitted,

**JACKSON LEWIS LLP**

September 18, 2007

By: ____/s/ Michael N. Petkovich____
Michael N. Petkovich (DC Bar No. 456010)
8614 Westwood Center Drive, Suite 950
Vienna, Virginia 22182
703-821-2189
Fax: 703-821-2267
petkovim@jacksonlewis.com

**Counsel for Defendant Capital Eagle, Inc.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on September 18, 2007, a copy of the foregoing *Defendant's Answer to Complaint* was mailed, first-class mail, postage prepaid, to:

Jimmy A. Bell, Esq.
The Law Office of Jimmy A. Bell, P.C.
9610 Marlboro Pike
Upper Marlboro, MD 20772

/s/   Michael N. Petkovich
Michael N. Petkovich